IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03466-GPG

JUSTIN K. POHLMANN,

Plaintiff,

v.

DEP. EARL FAWCETT,
CPL. JACKI HURLEY,
S.W.A.T. MEMBERS,
ANY AND ALL INVESTIGATORS INVOLVED IN CASE No. 14CR114,
LARIMER COUNTY SHERIFF'S OFFICE,
DISTRICT ATTORNEY, Unknown Name,
HONORABLE JUDGE O'DELL,
CPL. BARRETT,
DEP. A HAWKS,
DEP. ROSENDALE, and
UNKNOWN OFFICERS,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff Justin K. Pohlmann now is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Skyline Correctional Center in Cañon City, Colorado. Plaintiff initiated this action on December 23, 2014, by filing a Letter regarding a notice of intent to file an action. On December 26, 2015, Magistrate Judge Gordon P. Gallagher entered an order that directed Plaintiff to file his claims on a Court-approved Complaint form and to submit either a request to proceed pursuant to § 1915 on a proper Court-approved form, or in the alternative pay the $400 filing fee in full. Plaintiff cured the deficiencies and was granted leave to proceed pursuant to § 1915 on February 1, 2015.

On February 2, 2015, Magistrate Judge Gallagher directed Plaintiff to amend the

Complaint. Specifically, Plaintiff was told to comply with Fed. R. Civ. P. 8 and to state his claims in a short and concise statement. Magistrate Judge Gallagher also told Plaintiff to assert personal participation by each named defendant and to state what each defendant did to him, when they committed the action, how the action harmed him, and what specific right was violated. Finally, Plaintiff was told that the Larimer County Sheriff's Office is not a properly named defendant, municipalities and municipal entities are not liable under § 1983 for individual employee actions, supervisors are not liable for the conduct of their subordinates, and he was to use a Court-approved Prisoner Complaint form in filing the Amended Complaint. On February 12, 2015, Plaintiff filed an Amended Prisoner Complaint.

The Court must construe Plaintiff's Amended Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be directed to file a Second Amended Complaint.

Plaintiff fails again to comply with Fed. R. Civ. P. 8. Plaintiff was instructed in the February 1, 2015 Order that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short

and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Plaintiff's claims are not clearly and concisely stated in a manageable format. Rather than provide a short and concise statement under the Cause of Action section of the Complaint form that identifies a specific constitutional violation, the nature of the violation, and how each responsible defendant participated in the violation, Plaintiff presents his claims in a repetitive, chronological statement. Plaintiff's claims for the most part are conclusory and vague and do not state how named Defendants participated in any alleged constitutional violation. Plaintiff further asserts claims against named individuals in the body of the Amended Complaint who are not listed as a defendant in the caption of the Complaint.

Plaintiff also again lists the Larmier County Sheriff's Office even though he was directed in the February 1, 2015 Order to Amend that the Sheriff's Office is not a properly named party to this action. Furthermore, Defendants District Attorney and

Judge O'Dell are immune from suit for the reasons stated below.

Defendant Judge O'Dell is absolutely immune from liability in civil rights suits when he acts in his judicial capacity, unless he acts in the clear absence of all jurisdiction. *See Morales v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Scarman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Questions of competency are " 'intimately associated with the judicial phase of the criminal process.' " *See Wolf v. Scobie*, 28 F. App'x 545, 548 (7th Cir. 2002) (citation omitted)). Judge O'Dell was acting in his judicial capacity when he denied Plaintiff's request to lower bail; he was not acting in the clear absence of all jurisdiction.

Defendant District Attorney is entitled to absolute immunity in § 1983 suits for activities within the scope of his/her prosecutorial duties. *See Ambler v. Pachtman*, 424 U.S. 409, 420-24 (1976); The Tenth Circuit has found that state prosecutors' "decisions to prosecute, their investigatory or evidence–gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court" are activities intimately associated with the judicial process. *See Nielander v. Bd. of County Comm'rs.*, 582 F.3d 1155, 1164 (10th Cir. 2009).

Also, Plaintiff may use fictitious names, such as "District Attorney," "S.W.A.T. Members," "Investigators Involved in Case No.14CR114," and "Unknown Officers," if he does not know the real names of the individuals who allegedly violated his rights. Plaintiff, however, must provide sufficient information, including addresses, about each defendant so that they can be identified for the purpose of service.

Plaintiff further has failed to submit all sections of the Court-approved Prisoner Complaint form. Plaintiff was directed in the February 1, 2015 Order to file his claims

on a Court-approved form. Local Rules 1.2 and 5.1(c) of the Local Rules of Practice - Civil for this Court require litigants to use the Court-approved forms found on the Court's website. Rule 83(a)(2) of the Federal Rules of Civil Procedure allows a district court to enforce a local rule imposing a form requirement unless it "causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2). Plaintiff makes no mention of being unable to obtain the Court-approved forms for filing a Prisoner Complaint. Generally, "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (citing *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976)).

The Amended Complaint also improperly combines a number of separate and unrelated claims against different defendants. Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." However, the issue of whether multiple defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) ***Defendants***. Persons . . . may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Requiring adherence in prisoner suits to the federal rules regarding joinder of

parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, " '[t]o remedy misjoinder, . . . the court has two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately.' " *Nasious v. City and County of Denver*, 415 F. App'x 877, 881 (10th Cir. 2011) (quoting *DirecTV, Inc., v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006)).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff one last opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8 and complies with the directives of this Order. The Court also will refrain from dropping or severing parties at this time before Plaintiff has the opportunity to submit a Second Amended Complaint that complies with the Rule 8 and the joinder requirements of the Federal Rules of Civil Procedure. Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file a Second Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, **to be used in filing the Second Amended Complaint**. It is

FURTHER ORDERED that if Plaintiff fails to file a Second Amended Complaint that complies with this Order, within the time allowed, the Court will dismiss the action without further notice.

DATED March 10, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

____________________________

United States Magistrate Judge